Tonnele *v.* Zabriskie.

LORENT JOHN TONNELE et al.

*v.*

AUGUSTUS ZABRISKIE, surviving executor.

Where a sale of land was made by the executrix of a will, a clause whereof purported to vest in her the fee in such land as trustee for the heirs, and by an adjudication thereafter such clause is declared void, and the land decreed to vest in the heirs as if the ancestor had died intestate, though entitled to the lands, no action will lie in their behalf against the executrix for the proceeds of such unauthorized sale, since they would have no right to the money without recognizing the sale as valid, and since, if they did ·affirm such sale, the. proceeds would be in the hands of the executrix, subject to the trust created by the will.

On bill and answer.

*Mr. William D. Edwards,* for the complainants.

*Mr. Augustus Zabriskie, pro se.*

Tonnele v. Zabriskie.

GREEN, V. C.

This bill is filed by Lorent John Tonnele, Margaret Ginnochio and Adelaide Mitchell, heirs-at-law of the late John Tonnele, who died November 26th, 1852, having made a last will and testament, dated November 6th, 1852, which was proved December 1st, 1852, before the then surrogate of Hudson county. John Tonnele died seized of real and personal estate in New York and New Jersey.

The fifth clause of the will is as follows:

"All the rest and residue of my property, both real and personal, including, after the death or remarriage of my said wife, whatever I have herein given or devised to her for life or widowhood respectively, I give, devise and bequeath to my eight children, that is to say: to my son, Lorent John Tonnele, and my daughters, Julia Emelie Tonnele, Cecile Josephine Tonnele, Laurencine Salles Tonnele, Adelaide Jane Tonnele, Margaret Tonnele, Eloise Tonnele and Isabella Ledina Tonnele, to be equally divided between them, share and share alike, in such manner that each child shall receive only the net rents, income and profits of his or her share during life, and that at the death of each child, his or her share shall go to and vest in his or her lawful issue, and in default of such issue living at his or her death, then to my other children and their issue in the same manner as the share of each child is herein given and limited, the children of any deceased child to take their parent's share."

The seventh clause is as follows:

"And in order more fully to carry out the objects of this my will, I do hereby appoint and declare my executors hereinafter named to be trustees of all property, estate or interests therein given or devised to any of my children, or that any of my children may be entitled to by virtue of any provision of this my last will, during the life of such child (except the life estate in the Mansion House devised to my son), with full powers to retain all such property in their hands unsold and undivided, until after the year 1867. And I do authorize my said executors to sell and convey all or any part of my real estate and all real estate that may be purchased by them, and to invest my personal estate and the proceeds of the sale of such real estate at interest on bond and mortgage on real estate, or in government or state stocks, or to lay out the same in the improvement of my real estate, or in the purchase of other real estate and the improvement thereof that may seem to them most for the interest and advantage of my children and for the improvement of my estate, and to change such investments as they shall judge best from time to time."

He appointed his wife, Cecile, and friends, Robert Gilchrist and Abraham O. Zabriskie, executors.

Mrs. Cecile Tonnele, one of the executors and trustees, on the 22d day of November, 1859, filed an exemplified copy of the will in the office of the surrogate of New York county, and letters testamentary were thereupon granted to her by the said surrogate, and she duly qualified as such executrix and trustee in New York state.

In 1864, Mrs. Tonnele, acting under the devise and power of sale supposed to be granted in the will, granted and conveyed in fee and to various parties, certain lands and premises whereof the testator died seized in the county of Otsego and State of New York, and gave executors' deeds therefor.

The net proceeds arising from this sale, amounting to $3,139.44, were paid over by Mrs. Tonnele, on the 27th of October, 1864, to the executors of John Tonnele, deceased, in the State of New Jersey, namely, to Cecile Tonnele, Robert Gilchrist and Abraham O. Zabriskie, and they, in the fourth account filed by them in the orphans court of Hudson county, April 24th, 1867, charged themselves with the said amount as having been received from such sale.

The defendant, Augustus Zabriskie, is the surviving executor of Abraham O. Zabriskie, who was the surviving executor of the said John Tonnele, deceased.

The court of chancery, in the case of *Zabriskie* v. *Morris and Essex Railroad Co., 6 Stew. Eq. 22, affirming 7 Stew. Eq. 282,* held that, under this will, the executors took the fee of the real estate in New Jersey.

But in the supreme court of the State of New York, in an action brought by one of the children of John Tonnele against all the other children, final judgment was entered, setting aside the will so far as the same affected lands in the State of New York, on the ground, as I understand it, that the residuary clause was void as against the statute of that state, and it was therein decreed that the title to the lands whereof John Tonnele died seized in the State of New York, was vested in his heirs-at-law in the same manner as if he had died intestate.

Laurencine S. McDonald, one of the daughters, died without issue January 23d, 1891. Isabella Z. Tonnele and Cecile Josephine Tonnelle, children of John Tonnele, died many years ago unmarried, without issue and intestate. Eloise Gedney, another daughter, died November 24th, 1888, leaving her surviving three children, who have received their share of the estate of their grandfather, including their share of the proceeds of the lands sold in Otsego county, New York. Julia E. Wetmore, another daughter, died November 26th, 1880, leaving her surviving three children, who have also received their share of the estate of their grandfather, including their share in the proceeds of the land sold in Otsego. The children of Mrs. Gedney and Mrs. Wetmore are now only entitled to a portion of Mrs. McDonald's interest.

The complainants claim that the proceeds of the land in Otsego county, New York, in the hands of the executors should be distributed to them as heirs-at-law of John Tonnele, deceased, and should not be held by the surviving executor under the will, because it has been held by the supreme court of that state that by the laws thereof the title to the lands in that state was vested in the heirs-at-law of John Tonnele in the same manner as if he had died intestate, and pray that the defendants should pay to the complainants, out of the principal fund of the estate of John Tonnele, deceased, the proportions of the proceeds of this sale claimed to be due to them.

The complainants' claim to be entitled to this money is, therefore, based on the ground that the real estate of which it is the proceeds belonged to them as heirs-at-law of John Tonnele, and did not pass under the power of sale given by the will to the executors.

The defendant claims that the money in his hands is the product of a conveyance made by one of the executors under the power assumed to have been conferred by the will; that she received it and, with her co-executors, held it as impressed with the trust created by the will, and that he has received it from his predecessors charged with that trust.

The fact that the executrix received this money from the purchasers of the Otsego property wrongfully—that is, without having conveyed any title to them—cannot entitle these complainants to recover it either from her or from the defendant, her successor as executor. An unauthorized conveyance by her, and receipt by her of the consideration money therefor, might give the persons who paid it to her a right of action to recover such consideration money back, but the heirs of John Tonnele could have no right to the money unless they recognize the sale as valid. The rights of the complainants under the New York decision are in the lands and not in the proceeds of an unauthorized sale; they can only be entitled to those proceeds by affirming the act which produced them, and if the sale by Mrs. Tonnele as executrix is affirmed by the heirs, the proceeds are in the hands of the executor subject to the provisions of the will. They are charged with the trust declared by the testator, and must be held invested by the executor to pay the income to the children and the principal to the grandchildren as therein directed.

The bill must be dismissed, with costs.